**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DC PROPERTIES 1, LP, a California Limited Partnership,<br><br>　　　　　Defendant. | Case No.  1:21-cv-00140-JLT-BAK<br><br>ORDER REQUESTING JOINT STATUS REPORT<br><br>**(14-day deadline)** |

　　　　On July 22, 2022, the Ninth Circuit issued an opinion in *Love v. Marriott Hotel Services, Inc.*, in which the Court interpreted the statutory and regulatory framework at issue in this case. 40 F.4th 1043 (9th Cir. 2022). In particular, the Ninth Circuit held the "Reservations Rule" (28 C.F.R. § 36.302(e)(1)) does not require hotels to provide details on their websites regarding accessibility features beyond those described by the DOJ Guidance (28 C.F.R. pt. 36, app. A). *Id.* at 1046-47. The Ninth Circuit affirmed the dismissal of plaintiff's complaint which alleged failure to provide details not outlined in DOJ Guidance—such as the space in inches around the bed, the clearance beneath the sink, and whether grab bars existed near the toilet and shower—violated the Americans with Disabilities Act. *Id.* at 1045, 1049. The mandate has not yet issued in *Love* and a petition for rehearing is pending. *See* Petition for Rehearing, *Love v. Marriott Hotel Services, Inc.*, No. 21-15458 (9th Cir., filed Aug. 26, 2022) (Dkt. No. 47).

Garcia claims similar violations under the ADA (e.g., Defendant's website lacks information about whether grab bars exist in the bathroom; clearances under the sinks, desks, and tables; and space in inches surrounded the beds). (Doc. 1 at 12-13, ¶¶ 19-22.) On April 8, 2021, DC Properties filed a motion to dismiss arguing, in part, that Garcia's alleged ADA violations exceed the requirements of DOJ Guidance. (Doc. 4-1 at 7.) In his response, Garcia explains the central issue concerns the extent to which hotels must "[i]dentify and describe accessible features" under the Reservations Rule, which the Ninth Circuit addressed in *Love*. (Doc. 6 at 9.) Given the substantial similarity of Garcia's claims and the parties' arguments to those in *Love*, the Court hereby orders the parties within **fourteen days of the date of this order** to meet and confer before filing a joint status report indicating whether they believe this case should be stayed and/or whether the pending motion (Doc. 4) should be held in abeyance pending a final mandate from the Ninth Circuit in *Love*.

IT IS SO ORDERED.

Dated: **August 31, 2022**

UNITED STATES DISTRICT JUDGE